# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-00171-TBR

CHRIS MEINHART, as the Personal
Representative of the Estate of Martin R. Twist,                Plaintiff,

v.

UNITED STATES OF AMERICA,                                       Defendant.

**MEMORANDUM OPINION AND ORDER**

Chris Meinhart, as the personal representative of Martin R. Twist's estate, filed this wrongful-death action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. He alleges that various unnamed employees of the Federal Medical Center located in Butner, North Carolina negligently provided, or failed to provide, Twist with adequate medical care, causing his death. In the interest of justice, and for reasons of judicial economy, the Government asks the Court to transfer this action to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a). Because no fact of consequence transpired in Kentucky, the United States' Motion to Transfer, [R. 9], is **GRANTED**: The Clerk of the Court is **DIRECTED** to transfer the above-captioned action to the United States District Court for the Eastern District of North Carolina, Western Division.

**I.**

On March 18, 2016, Chris Meinhart, as the personal representative of Martin R. Twist's estate, filed this wrongful-death action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. [R. 5 at 1, 2, ¶¶ 1, 4 (Amended Complaint).] Immediately prior to his death, Twist was incarcerated at the

1

Federal Medical Center in Butner, North Carolina. [*Id.* at 1, ¶¶ 1, 3.] Meinhart alleges that unidentified employees of the Federal Medical Center negligently provided, or failed to provide, Twist with adequate medical care, ultimately leading to his death on February 23, 2014. [*Id.* at 2–3, ¶¶ 4, 8–12].

Now, pursuant to 28 U.S.C. § 1404(a), the Government seeks to transfer Meinhart's lawsuit to the United States District Court for the Eastern District of North Carolina, Western Division. [*See* R. 9 at 1 (Motion to Transfer Venue).] Meinhart opposes transfer. [R. 14 at 1–3 (Response).]

**II.**

28 U.S.C. § 1404(a) provides that, for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plain text of § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, —— U.S. ——, ——, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

In the usual case, the Court evaluates various private- and public-interest factors, always mindful to "give some weight to the [plaintiff's] choice of forum." *Id.* Factors relevant to the parties' private interests include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the accessibility of relevant evidence, (4) the availability of compulsory process to make reluctant witnesses testify, (5) the cost of

2

obtaining willing witnesses' testimony, and (6) any other practical problems that make trial of a case easy, expeditious, and inexpensive. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Atl. Marine*, ⎯⎯ U.S. at ⎯⎯, 134 S. Ct. at 581 n.6. Public-interest factors comprise the second category. Although more amorphous than the first, these factors involve such matters as (1) administrative difficulties flowing from court congestion, (2) the local interest in deciding the controversy at home, and (3) in a diversity case, the interest of having the trial in a forum familiar with governing law. *Atl. Marine*, ⎯⎯ U.S. at ⎯⎯, 134 S. Ct. at 581 n.6.

Neither recitation is exhaustive, but each is illustrative of the issues typically considered by the courts of this Circuit. "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012) (collecting cases).

### III.

The Court concludes that venue properly lies not only in this District, but also in the Eastern District of North Carolina. Under the Federal Tort Claims Act, venue is proper either "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). It is the administrator's residence, and not the decedent's former residence, that controls for purposes of venue under the FTCA. *See, e.g., Bederson v. United States*, 756 F. Supp. 2d 38, 46 n.3 (D.D.C. 2010); *Lopez v. United States*, 68 F. Supp. 2d 688, 691 (M.D.N.C. 1999);

*Andrade v. Chojnacki*, 934 F. Supp. 817, 829 n.23 (S.D. Tex. 1996); *cf. Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1247 (E.D. Ky. 2011) (same for venue purposes under the federal interpleader statute, 28 U.S.C. § 1397). While Meinhart resides in the Western District of Kentucky, [R. 5 at 1, ¶ 2], the alleged negligence happened in Butner, North Carolina, which is located in the Eastern District of North Carolina,[1] [*id.* at 2–3, ¶¶ 4, 8–12]. Therefore, venue is proper not only in this District, but also in the Eastern District of North Carolina.

Though a close call, the Court also finds that the weight of private- and public-interest factors warrants transferring this action to the Eastern District of North Carolina, Western Division. While Meinhart's decision to litigate in this District tilts against transfer, *see Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951), ultimately, his choice merits little weight. Every meaningful event related to Meinhart's lawsuit happened outside Kentucky. Twist died while incarcerated in North Carolina. [R. 5 at 1, ¶ 1.] The negligent acts or omissions which allegedly caused his death happened in North Carolina. [*Id.* at 2–3, ¶¶ 4, 8–12.] Since "the operative events giving rise to [Meinhart's] lawsuit took place" in the Eastern District of North Carolina, the Court attributes little to Meinhart's decision to litigate in this District. *Webb v. United States*, No. 1:07 CV 2200, 2007 WL 4270660, at *1 (N.D. Ohio Nov. 30, 2007).

For much the same reason, the relative ease of access to sources of proof, the convenience of witnesses, availability of compulsory process, and the cost of obtaining willing witnesses' testimony seem to weigh in favor of transfer. While Twist's treating

---

[1] Pursuant to Federal Rule of Evidence 201(b)(2), the Court takes judicial notice that Butner, North Carolina is located in the Eastern District of North Carolina, Western Division. *See* Fed. R. Evid. 202(b)(2); *United States v. Harris*, 331 F.2d 600, 601 (6th Cir. 1964) ("The District Court may take judicial notice of established geographical facts."); *United States v. Cole*, 19 F.3d 19, 1994 WL 64697, at *2 (6th Cir. 1994) (unpublished table decision) (same).

physician and an undisclosed number of his heirs might be located in this District, [*see* R. 14 at 3], nearly all of the fact witnesses work and reside in the Eastern District of North Carolina, *see Webb*, 2007 WL 4270660, at *1 (finding location of fact witnesses favored transfer of action to Nebraska, even though plaintiff's wife and treating physician resided in Ohio). Most of the relevant medical and prison records are located the Eastern District of North Carolina as well. [*See* R. 9-1 at 4 (Memorandum in Support).] In short, the majority of the foreseeable witnesses and exhibits are located in the Eastern District of North Carolina—a fact which weighs heavily in favor of transfer.

The most pertinent public-interest factors tilt toward transfer too. The Eastern District of North Carolina has a stronger interest than this District in resolving Meinhart's dispute: Most (if not all) of the operative facts giving rise to this lawsuit happened there. *See Whitehouse v. Life Ins. Co. of N.A.*, No. 3:15-CV-00639-TBR, 2015 WL 7587361, at *4 (W.D. Ky. Nov. 25, 2015) (finding Illinois' interest in resolving denial-of-benefits claim to be "significantly greater" than Kentucky's interest since alleged breach of contract happened in Illinois). In addition, the law of North Carolina will control on questions of liability and damages under the FCTA since the alleged act of negligence took place in that state. *See Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010). The Eastern District of North Carolina "is, of course, much more familiar with the laws of [North Carolina] than this Court." *Phelps v. United States*, No. 1:07CV02738, 2008 WL 5705574, at *4 (N.D. Ohio Feb. 19, 2008). In light of the Eastern District of North Carolina's significant interest in resolving this litigation and familiarity with governing law, transfer to that District is appropriate.

5

## IV.

**IT IS HEREBY ORDERED** that the United States' Motion to Transfer, [R. 9], is **GRANTED**: The Clerk of the Court is **DIRECTED** to transfer the above-captioned action to the United States District Court for the Eastern District of North Carolina, Western Division. The Clerk of the Court is **FURTHER DIRECTED** to close the above-styled action upon transfer.

**IT IS SO ORDERED.**

Date:
cc: Counsel of Record

6

Case 5:16-ct-03298-FL   Document 16   Filed 10/25/16   Page 6 of 6